**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | CASE NO. 5:17-cv-00323 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **DEFENDANT THE COLLEGE OF** |
| | ) | **WOOSTER'S MEMORANDUM IN** |
| **THE COLLEGE OF WOOSTER,** | ) | **OPPOSITION TO PLAINTIFF JOHN** |
| | ) | **DOE'S MOTION FOR EXPEDITED** |
| Defendants. | ) | **DISCOVERY** |
| | ) | |

Defendant, The College of Wooster ("the College"), by and through its undersigned counsel, submits this Response and Memorandum in Opposition to Plaintiff John Doe's ("John") Motion for Expedited Discovery.

In his Motion (Doc. No. 5 at 152)[1], John broadly requests (among other things), in advance of the Rule 26(f) conference and the approval of a discovery plan: (1) the complete education record of Jane Doe 1; (2) documents concerning every complaint or allegation of sexual misconduct received by the College that was made by a College student from September 2015 to the present; and (3) all documents or reports filed with the United States Department of Education concerning the College's Title IX compliance and/or incidents of alleged sexual misconduct at the College. (Doc. No. 5-2 at 170 – 173.)

John lacks good cause necessary to allow access at this time to these documents, which contain federally protected and highly sensitive education records. Numerous students of the College are mentioned by name or other personally identifiable information in these records. Before releasing such information, the College is required by the Family Educational Rights and

---

[1] Contrary to the assertions in the Motion, the Complaint makes no claim or demand for declaratory judgment pursuant to FRCVP 8.

1

Privacy Act (FERPA) to give these students notice and an opportunity to seek protective action, and the College requires adequate time to fulfill these obligations.

The burden on the College to satisfy its obligations under FERPA upon short notice outweighs any present need John may have for the discovery, especially considering the injunctive relief he seeks in his Motion for Preliminary Injunction (i.e., requiring the College to remove any sanctions from John's personnel file and prohibiting the College from reporting any disciplinary actions taken against John to any third party or academic institution.)  John vaguely concludes that the requested information and documents are "necessary to allow the Plaintiff to more fully prepare for arguments related to Plaintiff's Motion for a Preliminary Injunction." (Doc. No. 5 at 153), but fails even to attempt to explain how the documents are necessary for any purpose at this juncture in the litigation.  John's Motion for Expedited Discovery should be denied for the reasons more fully set forth in the attached Memorandum.

## **MEMORANDUM**

## I. INTRODUCTION

Following an investigation conducted pursuant to the College's written procedures, a disciplinary proceeding before the College's Dean's Hearing Board, in which John was found responsible for violating a No Contact Order in violation of the College's Student Code of Conduct, and an appeal by John to the College's president, John was disciplined for the violation. John's Complaint in this matter seeks to have this Court substitute its judgment for that of the College in this internal educational and disciplinary matter.

Simultaneously with the filing of the Complaint, John filed a Motion for Expedited Discovery ("Motion") seeking access to thousands of pages of confidential and highly sensitive records containing federally protected personally identifiable information about a number of the

College's students, including the individual referred to in the Complaint as Jane Doe 1 in the disciplinary proceeding against John, as well as students John states were associated with the disciplinary proceeding (Jane Doe 2 and Ron Roe).

In advance of the Court's Rule 26(f) conference, John must present good cause to obtain copies of these confidential and highly sensitive student records, and that cause must outweigh the burden and prejudice to the College. See *Tween Brands Investment, LLC v. Bluestar Alliance, LLC*, No. 2:15-cv-2663, 2015 WL 5139487 at \*16 (S.D. Ohio Sept. 1, 2015) (denying, in part, plaintiff's requests for expedited discovery on the basis that the burden of the discovery outweighed the benefit and therefore negated good cause). John cannot meet his burden. His Motion for Expedited Discovery should be denied.

## II. DOE'S EXPEDITED DISCOVERY REQUESTS

John's discovery requests are not "limited in scope and not unduly burdensome" as he contends. (Doc. No. 5 at 154.) Rather, they consist of comprehensive sets of nine pages of interrogatories and nine pages of requests for production of documents, which are not even limited to the disciplinary proceeding involving John.

John wants copies of sixteen categories of documents, nearly all of which contain highly sensitive information, including the names and other identifying information for numerous students at the College who are not parties to this action. John wants the following documents: (1) all documents concerning the John Doe Disciplinary Process; (2) all documents concerning the investigation into any of the allegations lodged by Jane Doe 1 against John; (3) the complete Education Record of John; (4) the complete Education Record of Jane Doe 1; (5) all training materials related to Title IX proceedings and the College Judicial System; (6) all documents the College supplied to or received from members of the Dean's Hearing Board and/or Judicial Board

concerning the John Doe Disciplinary Process, Jane Doe 1, The Scot's Key, the No Contact Orders; (7) any notes of any kind prepared by any participants in the hearings during or concerning the John Doe Disciplinary Process; (8) all documents provided to any faculty or staff of Wooster or anyone appointed to serve on the Dean's Hearing Board prior to, during or after the Hearings; (9) all documents regarding or communications with Jane Doe 1 concerning: (a) any and all allegations made by her concerning sexual misconduct of any other College student; (b) advocacy on behalf of victims of sexual misconduct or women's rights; and (c) articles, statements or any other document made by Jane Doe 1 concerning sex and college students or sexual misconduct on behalf of herself or as a representative of K(no)w[2]; (10) documents concerning each complaint or allegation of sexual misconduct received by the College that was made by a College student from September 2015 to the present; (11) all documents or reports filed with the United States Department of Education concerning the College's Title IX compliance and/or incidents of alleged sexual misconduct at the College; (12) all statistical compilations prepared by or on behalf of the College concerning incidents of alleged sexual misconduct at the College; (13) all notes, journal/diary entries, recordings, transcripts, or other memoranda by President Sarah Bolton, Dean Carolyn Buxton, and Angela Johnston relating to Jane Doe 1's Complaint, the Investigation and/or the John Doe Disciplinary Process; (14) all documents pertaining to any disciplinary proceedings involving any of the members and/or officers of K(no)w pertaining to K(no)w members circulating posters about students involved in sexual misconduct claims; (15) all documents concerning campus groups that advocate on issues related to sexual misconduct; and (16) the College's insurance information.

---

[2] K(no)w is a student-run organization at the College.

John requests that the College be required to produce these documents within a time period of 14 days. (Doc. No. 5 at 152.) As is explained in more detail below, John's motion fails to demonstrate good cause for any of these categories of records.

## III. LEGAL ARGUMENT

### a. John's vague allegation that the requested discovery is "necessary" is insufficient to establish good cause.

Pursuant to Rule 26(d), the Court may order discovery prior to the Rule 26(f) conference. "Expedited discovery is generally seen as the exception and not the norm." *Skylink Ltd. v. UniTek Global Servs.*, 2014 U.S. Dist. LEXIS 2503, *6, 2014 WL 104896 (N.D. Ohio Jan. 9, 2014). Expedited discovery may be granted upon a showing of good cause, which the moving party bears the burden of demonstrating. *Id.*, at *3. Requests for expedited discovery "are not automatically granted simply because a motion for preliminary injunction is pending". *Tween Brands Investment, LLC v. Bluestar Alliance, LLC*, No. 2:15-cv-2663, 2015 WL 5139487 at *3 (S.D. Ohio Sept. 1, 2015). The Court must weigh John's need for discovery against the prejudice to and burden upon the College. *Id.*

John's requests are exceedingly broad and unduly burdensome, and John's Motion provides no sound basis, legal argument, or explanation that even hints at good cause. The cases cited by John fall far short of explaining why John would be entitled to <u>thousands</u> of documents containing highly sensitive information and personally identifiable information about students who are not parties to this case. As the U.S. Supreme Court has noted, bare assertions and legal accusations drafted as facts do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The College should not be subjected to burdensome expedited discovery on the basis of a Motion for Expedited Discovery devoid of any meaningful analysis or explanation of John's needs for those records.

b. **The Family Educational Rights and Privacy Act prohibits the College from releasing the requested documents without first giving the affected students the opportunity to seek protective action.**

The Family Educational Rights and Privacy Act of 1974, (20 U.S.C. §1232g, 34 CFR Part 99) (FERPA), applicable to all schools (including the College) that receive funds under a program of the U.S. Department of Education, protects the privacy of student education records. The term "education records" is broadly defined to include all records maintained by an educational institution that are directly related to a student. Generally, schools are required by FERPA to have consent from a student (or parent of a minor student) before releasing any personally identifiable information about the student. FERPA allows schools to disclose such information, without consent, only under specific circumstances. The release of education records to comply with a judicial order or lawfully issued subpoena is an exception to the FERPA restrictions against the release of education records, but only if the school first "makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action…". 34 CFR §99.31(a)(3)(ii)(9).

John himself recognizes the importance of protecting from disclosure educational information governed by FERPA. In his Motion for Leave to Proceed under a Pseudonym (Doc. No. 2-1 at 115) (which the College does not oppose), John acknowledges that "[t]he confidentiality of school disciplinary records has been well established" and that "education records [are] protected from disclosure by the Family Educational Rights and Privacy Act [.]" (Doc. No. 2-1 at 117, 115). The College's obligation to maintain the confidentiality of educational records extends to the records John requests in his Motion.

In this case, the documents requested by the Plaintiff are FERPA-protected education records that contain the names or other personally identifiable information of hundreds of the

College's students.  For example, the documents concerning each complaint or allegation of sexual misconduct received by the College that was made by a College student from September 2015 to the present, contain names of numerous students throughout, who were in no way involved with to the events giving rise Jane Doe 1's claims against John. Under the regulation cited above, the College is required by FERPA to make a reasonable effort to notify each of the students identified in the documents in advance of producing the records requested, so that the students may seek protective action.  This requirement implies that the College must be allowed reasonable time to provide the required notifications to the hundreds of students affected, and the affected students must be afforded a reasonable opportunity to seek protective action, if they choose to do so.

## IV. CONCLUSION

John has failed to meet his burden and establish that he is entitled to expedited discovery. For all the foregoing reasons, John Doe's Motion for Expedited Discovery should be denied.

Respectfully submitted,

CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.

By:    */s/ Peggy J. Schmitz*
Peggy J. Schmitz (S. Ct. #0023932)
Kimberly L. Hall (S. Ct. #0090677)
225 North Market Street
P.O. Box 599
Wooster, Ohio 44691
Phone: (330) 264-4444; Fax:  (330) 263-9278
E-mail: schmitz@ccj.com
*Attorneys for Defendant, The College of Wooster*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the 6th day of March, 2017, I caused the foregoing to be filed via the ECF System for the United States District Court for the Northern District of Ohio, Eastern Division, and that the Motion will be served upon all counsel of record via the Court's electronic filing system.


_____/s/ Peggy J. Schmitz_____

Peggy J. Schmitz
*Attorney for Defendant, The College of Wooster*

\