**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 5:17-cv-00323 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| THE COLLEGE OF WOOSTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOHN DOE'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR
EXPEDITED DISCOVERY**

Plaintiff John Doe ("John") respectfully submits the instant reply to Defendant The College of Wooster's ("Wooster") Memorandum in Opposition to Plaintiff John Doe's Motion for Expedited Discovery (Doc. No. 9). In its Memorandum, Wooster contends that John cannot meet the requirement of "good cause" in support of his request for expedited discovery. Wooster argues that the discovery requests are overly broad and unduly burdensome and that the documents requested are protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"), (20 U.S.C. § 1232g; 34 CFR Part 90)

Contrary to Wooster's position, John has demonstrated good cause in support of expedited discovery. John's position is not that his request for a preliminary injunction *ipso facto* entitles him to expedited discovery. Rather, John's argument is that expedited discovery is necessary because John and other key witnesses are scheduled to graduate in May, and he seeks to resolve this matter before then. Furthermore, prior attempts to review pertinent records in the possession of Wooster have been denied; thus, John must be afforded some other means of

access to records required to support his claims for relief.  Controlling case law squarely supports John's request for expedited discovery pertinent to whether there is a strong likelihood of success on the merits of his claims.  *See e.g. Hyrdopartners, LLC v. Econergy Energy Generation Ltd.,* No. 1:08-CV-819, 2008 U.S. Dist. LEXIS 36042 (N.D. Ohio 2008)(stating that "limited discovery in advance of an injunction hearing is supported by applicable law.").  John's showing of good cause will be further discussed *infra*.

On the issue of whether the requested discovery is overly broad and/or unduly burdensome, John has made a sincere, good faith effort to resolve the dispute and to refine the scope of documents to be produced forthwith.  Wooster has agreed to produce John's disciplinary file, training materials related to Title IX proceedings and the College Judicial System, and the audio recording of the hearing that took place on December 8, 2016.[1]  It should be noted, however, that Wooster will produce these items only after redacting personally identifiable student information.

With respect to the remaining requested discovery that may entail personally identifiable information about students, Wooster has indicated that it will not produce other records absent a court order.  John has asked Wooster to identify the interrogatories and requests for production of documents that Wooster believes necessitate a court order.  John disputes that a court order is necessary.

Finally, John must draw this Court's attention to *Doe v. Ohio State University,* No. 2:15-CV-2830, 2015 U.S. Dist. LEXIS 141218, which is analogous to the matter *sub judice*.  In *Doe v. Ohio State University,* the plaintiff, a student seeking declaratory and injunctive relief, filed a motion seeking expedited discovery for three categories of information: (1) a transcript of the

---

[1] Wooster has indicated that there is no recording of the hearing that took place on February 1, 2017 due to the malfunctioning of the handheld recording device used during the proceeding.

hearing before the school conduct board, (2) a copy of the investigative file and the school's internal correspondence regarding the investigation and disciplinary proceedings, and (3) redacted documents concerning any sexual misconduct investigations from 2010 until the present (i.e. 2015). *Id.* at *3. The parties reached agreement with respect to the first two categories of documents. With respect to documents concerning sexual misconduct investigations from 2010 to the present, The Ohio State University argued that the request was too broad, that the plaintiff lacked good cause to access the records, and that the production of any such records would be so voluminous that it outweighed any need for the records demonstrated by the plaintiff. *Id.* at *4.

Evaluating the propriety of the plaintiff's request for expedited production of documents concerning any sexual misconduct investigations from 2010 to the present, the court in *Doe v. Ohio State University* made the following remarks:

> John Doe's Title IX claim alone presents good cause for such early discovery of at least the records of sexual misconduct proceedings from 2010 to the present, if not all of the discovery he seeks, and his due process claim presents good cause for early production of the discovery sought in regard to his own proceedings. Stated simply, if The Ohio State University has a pattern and practice that treats males unfairly in sexual misconduct investigations, then the school has a significant problem in this litigation. Determining whether such a problem exists necessitates looking at the data and the context surrounding that data. Given such inarguable relevance, the Court finds it remarkable that the OSU Defendants would argue that good cause is lacking.

*Id.* at *6. Plainly, the trial court found the defendant's arguments against expedited discovery unpersuasive.

Just as the plaintiff in *Doe v. Ohio State University* demonstrated good cause in support of his request for expedited discovery, so has John. John has pled a Title IX cause of action warranting disclosure of the requested information. Wooster's argument that John has failed to explain why he is "entitled to <u>thousands</u> of documents containing highly sensitive information

3

and personally identifiable information about students who are not parties to this case" is unpersuasive in light of *Doe v. Ohio State University.* (*See* Memorandum Contra, pg. 5(emphasis in original)). Moreover, while the plaintiff in *Doe v. Ohio State University* requested approximately five years of information regarding records of sexual misconduct proceedings, John has limited his request to such records from September of 2015 to the present. Given the narrower timeframe within which John seeks records, Wooster cannot maintain its position that the requested production is unduly burdensome.

For the foregoing reasons, John respectfully requests that this Court grant Plaintiff's Motion for Expedited Discovery. John has demonstrated good cause in support of his request and controlling precedent provides legal authority in support of his request.

                Respectfully submitted,

                */s/ Kristina W. Supler*
                Susan C. Stone (0064445)
                *scs@mccarthylebit.com*
                Kristina W. Supler (0087272)
                *kws@mccarthylebit.com*
                McCARTHY, LEBIT, CRYSTAL
                  & LIFFMAN CO., L.P.A.
                101 West Prospect Avenue
                1800 Midland Building
                Cleveland, Ohio 44115
                (216) 696-1422
                (216) 696-1210 (facsimile)

                Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Peggy J. Schmitz, Esq.
*Email:  schmitz@ccj.com*

Kimberly L. Hall, Esq.
*Email: khall@ccj.com*

      */s/ Kristina W. Supler*
      Susan C. Stone (0064445)
      Kristina W. Supler (0087272)